UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| VIVIAN R. HANSEN, Substituted Party for Susan A. Hansen,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | CIV. 12-4208-KES<br><br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES |

Plaintiff, Vivian R. Hansen, Substituted Party for Susan A. Hansen, moved for reversal of the Commissioner of Social Security's decision denying her application for disability insurance benefits under Titles II and XVI of the Social Security Act. On March 18, 2014, the court reversed and remanded the Commissioner's decision denying benefits. Hansen now seeks an award of $12,072.27 in attorney's fees and $724.34 in expenses pursuant to the Equal Access to Justice Act. The Commissioner objects to the motion. The court grants Hansen's motion for attorney's fees.

**DISCUSSION**

Under the Equal Access to Justice Act, the prevailing party in a proceeding for judicial review of federal agency action is entitled to legal fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In this context, "substantially justified" means "justified to a degree that could satisfy a reasonable person" or having a "reasonable basis in law and fact." *Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) (quoting *Pierce v. Underwood*,

487 U.S. 552, 566 n.2 (1988)). The standard is whether the Commissioner's position is well founded in law and fact, "solid though not necessarily correct." *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003). The government bears the burden of proving that the denial of benefits was substantially justified. *Id.* (citing *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991)).

In deciding whether Hansen was entitled to benefits or not, the record reveals no reasonable basis for the Administrative Law Judge's (ALJ's) legal error amending Susan Hansen's date of onset with Hansen's participation or consent. This error affected "the entirety of the remainder of the five-step sequential process." Magistrate Judge's Report and Recommendation, Docket 23 at 34. This error led to the ALJ failing to consider at step two Hansen's treatment for kidney stones, diverticulitis and irritable bowel syndrome, including the surgical removal of part of her colon, between 2006 and 2008. The ALJ then failed to properly develop the medical record and to recontact Hansen's pain specialist as is required by the regulations. Thus, neither the ALJ's nor the Commissioner's position in this case was well founded in law and fact. *See Lauer*, 321 F.3d at 764. Accordingly, the government's position was not substantially justified and Hansen is entitled to attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(A).

The commissioner also objects to the number of hours billed by Hansen's attorney and claims the fee request is excessive. Ms. Ratliff billed for 91.59 hours, but she is only requesting compensation for 68.69 hours, which is a 25 percent reduction. Ms. Ratliff did not represent Hansen at the administrative level. The record was 837 pages in length, including a complex and lengthy medical record. Additionally, the issues raised in this case were not

routine issues. After careful review of the billing records, the court finds that the request for 68.69 hours is reasonable. Thus, the court finds that Hansen is entitled to a fee award of $12,072.27 and expenses of $724.34, representing 6 percent state and local sales tax on the fee.

## CONCLUSION

Accordingly, it is

ORDERED that Hansen's motion for attorney's fees (Docket 27) is granted in the amount of $12,072.27 in attorney's fees and $724.34 in expenses.

IT IS FURTHER ORDERED that if it is determined upon effectuation of the court's EAJA fee order that plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program and the Commissioner agrees to waive the requirements of the Anti-Assignment Act, the fees will be made payable to plaintiff's attorney. If there is a debt owed under the Treasury Offset Program and as a result the Commissioner does not agree to waive the requirements of the Anti-Assignment Act, the remaining fee after offset will be paid by a check made out to plaintiff but delivered to plaintiff's attorney.

Dated August 19, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE